UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF
AMERICA,

                Plaintiff,                8:14-cv-523
                                                  (GLS/RFT)

        v.

**CHERYL A. ROCK et al.,**

                **Defendants.**
_____

## SUMMARY ORDER

Plaintiff, the United States of America, commenced this action against defendants Cheryl A. Rock ("Rock") and James R. Rock, alleging a fraudulent conveyance of real property in violation of 28 U.S.C. § 3304(a)(1) and New York Debtor and Creditor Law § 273-a. (*See generally* Compl., Dkt. No. 1.) Pending is the government's motion for a default judgment against both defendants. (Dkt. No. 13.) For the reasons that follow, the motion is granted.

Briefly, the background of the instant action is as follows.[1] In April

---

[1] For purposes of this motion, as there has been a Clerk's entry of default against each defendant, (Dkt. Nos. 9, 12), the allegations in the complaint are deemed admitted. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." (internal quotation marks and citation omitted)).

2012, a default judgment was entered against Rock in this court in the amount of $14,308.59 for an unpaid student loan debt. (Compl. ¶¶ 5-6; Dkt. No. 7, No. 8:12-cv-133.) Rock has since failed to pay or satisfy any part of that judgment. (Compl. ¶ 7.) Following the entry of that judgment against her, Rock, in January 2013, subsequently conveyed her interest in certain real property, which she owned jointly with James Rock, to James Rock alone, in exchange for no "remuneration" or "fair consideration." (*Id.* ¶¶ 8, 10.) As a result of this conveyance, Rock became insolvent and thus unable to satisfy the underlying judgment to the United States. (*Id.* ¶ 11.) Consequently, the United States "lost judgment creditor lien rights in the [conveyed p]roperty." (*Id.* ¶ 12.)

Following the commencement of this action, defendants were served with process in May and June 2014. (Dkt. Nos. 6, 10.) However, neither defendant has yet filed an appropriate responsive pleading or otherwise appeared in this action, and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). On June 30 and July 17, the United States filed requests for entry of default against each defendant, pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55.1, (Dkt. Nos. 8, 11), which the Clerk entered on June 30 and July 18, respectively (Dkt. Nos. 9, 12). The

2

United States now seeks a default judgment "to void the [c]onveyance," (Compl. ¶ 30), and for the court to enter an order declaring the deed conveying the property "fraudulent and null and void," as well as directing the Clinton County Clerk to "decree the [p]roperty in the name of Cheryl A. Rock and James R. Rock as husband and wife tenancy by the entirety," (*id.* at 7). Defendants still have not responded.

In relevant part, the Federal Debt Collection Procedures Act[2] provides that, with respect to debts owed to the United States, a transfer made after such debt has arisen is fraudulent if "the debtor makes the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and . . . the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer."[3] 28 U.S.C. § 3304(a). As here, "[i]n an action . . . for relief against a [fraudulent] transfer[,] . . . the United States . . . may obtain . . . avoidance of the transfer . . . to the extent necessary to satisfy the debt to the United States." *Id.* § 3306(a)(1). Here,

---

[2] *See* 28 U.S.C. §§ 3001-3308.

[3] The analogous provision in the New York Debtor and Creditor Law states that "[e]very conveyance made without fair consideration when . . . a judgment in . . . an action [for money damages] has been docketed against [the person making the conveyance], is fraudulent . . . without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." N.Y. Debt. & Cred. Law § 273-a.

the government has alleged that Rock conveyed away her interest in real property, without fair consideration, after a money judgment owed to the United States was entered against her, and that the conveyance caused her to become insolvent and unable to satisfy the judgment. (Compl. ¶¶ 5, 8, 10-11.) These unopposed allegations are sufficient to establish a fraudulent conveyance under both Federal and New York State law, and the government's motion is therefore granted.

Accordingly, it is hereby

**ORDERED** that the government's motion for default judgment (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that the deed conveyance from James R. Rock and Cheryl A. Rock to James R. Rock recorded in the Clinton County Clerk's Office on January 10, 2013, instrument number 2013-00253737, of the real property located at 282 Bear Swamp Road, Peru, New York 12972, section 270, block 1, lot 56.2, is hereby set aside and declared fraudulent and null and void; and it is further

**ORDERED** that the real property located at 282 Bear Swamp Road, Peru, New York 12972, section 270, block 1, lot 56.2 is hereby owned by Cheryl A. Rock and James R. Rock as husband and wife tenancy by the

4

entirety; and it is further

**ORDERED** that the Clinton County Clerk is directed to void, set aside and cancel the deed recorded on January 10, 2013, instrument number 2013-00253737, of the real property located at 282 Bear Swamp Road, Peru, New York 12972, section 270, block 1, lot 56.2, and make the appropriate notations in the appropriate indices and other records maintained by said clerk to give notice of this judgment; and it is further

**ORDERED** that the Clerk of this court close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 5, 2015
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court